UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
HABEEB KASSIM,

                              Plaintiff,

                -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE CAPTAIN BRUCE CEPARANO, NEW YORK CITY POLICE OFFICER ROBERT HOUSTON, NEW YORK CITY POLICE OFFICER DANNY CALEMINE, NEW YORK CITY POLICE SERGEANT MICHAEL PAULIK, JOHN and JANE DOE 1 through 40, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.
---------------------------------------------------------------------------X

**AMENDED COMPLAINT**

Docket No.:
1:18-cv-05614(JBW)(RML)

**JURY TRIAL REQUESTED**

      Plaintiff, **HABEEB KASSIM**, by his attorneys, **MADUEGBUNA COOPER LLP**, respectfully alleges as follows:

## NATURE OF THE ACTION

1. On July 27, 2017, Habeeb Kassim ("Kassim" or "Plaintiff"), a young, Black man, was falsely seized, harassed at a hospital, arrested, handcuffed, and jailed overnight – all for trying to walk home with a small cut on his forehead.

2. New York Police Department Captain CEPARANO ("CPT. CEPARANO"), Police Officer HOUSTON ("HOUSTON"), Police Officer CALEMINE ("CALEMINE") and other unidentified officers unlawfully seized Kassim, who is 5'3" and weighs about 110 pounds, in Brooklyn after they saw him with a small cut on his forehead and forced him to be transported to a hospital.

3. While Kassim was waiting for a doctor, Defendants entered the hospital and continued harassing him.

4. After his release from the hospital that evening, Kassim was unlawfully arrested by CPT. CEPARANO, HOUSTON, CALEMINE and New York Police Sergeant PAULIK ("SGT. PAULIK") and other unidentified officers and imprisoned overnight for the false charge of jaywalking. Defendants had been waiting for Kassim outside the hospital in their patrol car.

5. To vindicate his rights, Plaintiff brings this civil rights action seeking damages for Defendants' false detention, arrest and overnight imprisonment in violation of his rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, and New York common law.

## JURISDICTION and VENUE

6. This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

7. This Court has supplemental jurisdiction over the state causes of action pleaded herein.

8. Venue is placed in this district pursuant to 28 U.S.C. § 1391(b) because it is where all the parties reside and where the events complained of occurred.

## CONDITIONS PRECEDENT

9. Notice of Plaintiff's claims and intention to sue for the state causes of action pled herein was duly served upon Defendant THE CITY OF NEW YORK ("CITY") on or about October 25, 2017.

10. A hearing pursuant to § 50(h) of the General Municipal Law was held on March 14, 2018.

11. More than 30 days have elapsed since the Notice of Claim was served upon the CITY. The CITY has neglected or refused to make any adjustment or payment thereof.

- 3 -

12. This action is commenced within one year and ninety days after the cause of action arose.

## THE PARTIES

13. Kassim is a Black male. As of July 27, 2017, he was 18 years old and a college student.

14. Defendant CITY was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

15. At all relevant times, Defendant CITY operated, maintained, managed, supervised and controlled a police department, specifically the New York Police Department ("NYPD"), as part of and in conjunction with its municipal functions.

16. At all relevant times, Defendant CPT. CEPARANO (Tax Id. 962483), a white male who is sued in his personal capacity, was employed by the CITY, as a Police Captain with the NYPD.

17. CEPARANO is sued in his personal capacity.

18. At all relevant times, Defendant HOUSTON (Shield No. 22760), a white male who is sued in his personal capacity, was employed by the CITY, as a Police Officer with the NYPD.

19. HOUSTON is sued in his personal capacity.

20. At all relevant times, Defendant CALEMINE (Shield No. 6888), a white male who is sued in his personal capacity, was employed by the CITY, as a Police Officer with the NYPD.

21. CALEMINE is sued in his personal capacity.

22. At all relevant times, Defendant SGT. PAULIK (Tax Id. 948260), a white male who is sued in his personal capacity, was employed by the CITY, as a Police Sergeant with the NYPD.

23. PAULIK is sued in his personal capacity.

24. At all relevant times, JOHN and JANE DOE #1-40 ("Doe Defendants") being Police Officers and other employees of the City of New York, also responsible for the violations of Plaintiff's constitutional rights and the acts of complained of in this matter, who are sued in their personal and official capacities, were employed by the CITY, as Police Officers with the NYPD.

25. At all relevant times, Defendant CITY, its servants, agents and/or employees, including the individual and Doe Defendants, were acting under color of the statutes, ordinances, regulations, customs and usages of the State of New York and the CITY.

26. At all times hereinafter, all of Defendants' acts alleged were done by Defendants while acting within the scope of their employment with Defendant CITY.

## **THE FACTS**

27. At approximately 5:00 P.M. on July 27, 2017, at or near West 33rd Street in the Gravesend section of Brooklyn, Kassim accidently cut his forehead on a fence.

28. On his way home, Kassim entered a market near or around West 35th Street and Neptune Avenue to buy a bottle of water to rinse the cut.

29. As Kassim left the market, he was unwillingly seized by a number of NYPD officers, including Defendants CPT. CEPARANO, HOUSTON and CALEMINE and Doe Defendants who forced him to wait for an ambulance to arrive.

30. Defendants had no basis to formulate a reasonable, articulable suspicion that Kassim had engaged in or was about to engage in criminal conduct.

31. Kassim told the Defendants he wanted to go home. Defendants refused his request and ordered him to remain in their custody.

32. After the ambulance arrived, Kassim was forcibly detained and transported to NYC Health + Hospitals/Coney Island, 2601 Ocean Parkway, Brooklyn, New York ("Coney Island Hospital") for stitches.

33. Plaintiff's sister, Raven Rivera, met him at the hospital.

34. While Kassim was waiting to see a doctor, CPT. CEPARANO and, upon information and belief, HOUSTON and CALEMINE appeared in the hospital. Defendants began harassing Kassim and tried to take his photograph without his consent.

35. While badgering Kassim, CPT. CEPARANO took photographs of Plaintiff with a cellular phone.

36. At approximately 9:15 PM, Kassim was discharged from Coney Island Hospital.

37. Kassim and his sister walked to her car, which was parked across from the Coney Island Hospital on the other side of the one-way Ocean Parkway service road that directly abuts Coney Island Hospital's main entrance.

38. While Kassim was walking to the car, he saw a marked NYPD car reverse on Ocean Parkway in the wrong direction and park behind his sister's car.

39. HOUSTON and CALEMINE exited the marked NYPD car and arrested Kassim, upon information and belief, under the orders of CPT. CEPARANO and SGT. PAULIK.

40. Kassim expressed confusion with being arrested.

41. Defendants claimed Kassim was arrested for jaywalking and was required to go to the precinct because he lacked identification.

42. The claim against Kassim was false. He did not jaywalk.

43. After arriving at the NYPD 60th Precinct, Kassim was placed in a holding cell for at least two hours under the orders and supervision of SGT. PAULIK before being moved to Central Booking, where he was processed and spent the night in another holding cell.

44. Kassim was not told in either the 60th Precinct or Central Booking why he had been continually detained for many hours after his identification was confirmed and, unknown to Plaintiff at the time, upon information and belief, no outstanding warrants were found after a search was conducted shortly after he arrived at the 60th Precinct.

45. Kassim was unlawfully kept in custody on the orders and supervision of SGT. PAULIK with the involvement of all Defendants.

46. To Plaintiff's knowledge these charges were a clear sham since no outstanding warrant existed and he did not jaywalk.

47. After spending over 17 hours in custody, Kassim believed that the charges against him were dismissed during his first court appearance, and he was permitted to go home.[1]

48. Defendants have not provided Kassim with any explanation for violating his constitutional and civil rights. Defendants have not apologized to Plaintiff for their unlawful conduct.

---

[1] Contrary to Plaintiff's understanding, an adjournment contemplating dismissal plea had actually been entered on his behalf by a public defender, ultimately resulting in dismissal of the charge.

49. Indeed, Kassim has continued to see Defendants around Gravesend, who have made comments to Plaintiff, including pretending they did not know him and asking if Plaintiff had "something" happen to him two weeks after the unlawful arrest.

50. Since July 27, 2017, Kassim has remained in fear and distrust of authorities, including the NYPD and the individual Defendants.

51. The direct and proximate result of Defendants' acts is that Plaintiff has suffered severe personal injuries, was forced to endure pain and mental suffering, and incurred legal expenses, and was deprived of his physical liberty.

## REQUEST FOR PUNITIVE DAMAGES

52. Because the acts taken by the individual defendants toward Plaintiff were carried out in a reckless, grossly negligent, with conscious disregard and deliberate indifference to Plaintiff's rights, deliberate, cold, callous and intentional manner in order injure and damage Plaintiff, Plaintiff requests the assessment of punitive damages, in an amount appropriate to punish and make an example of the Defendants.

## FIRST CAUSE OF ACTION
(Unlawful Search & Seizure under 42 U.S.C. § 1983)

53. Plaintiff repeats and realleges each and every allegation in each numbered paragraph above.

54. At all times relevant, Defendants CPT. CEPARANO, HOUSTON, CALEMINE and the other Doe Defendants and their servants, agents and/or employees were acting under color of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York, and the County of Kings, and under the authority of their office as police officers of said State, City and County.

55. Defendants' acts alleged herein were done by the defendants, their agents, servants and employees, and each of them, both as individuals, and under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York, and the County of Kings, and under the authority of their office as Police Officers of the City and County of Kings.

56. Defendants caused Plaintiff to be searched and seized in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION
### (False Arrest & Unlawful Imprisonment under 42 U.S.C. § 1983)

57. Plaintiff repeats and realleges each and every allegation in each numbered paragraph above.

58. At all times hereinafter mentioned, Defendants CPT. CEPARANO, HOUSTON, CALEMINE, SGT. PAULIK and the other Doe Defendants, and their servants, agents and/or employees were acting under color of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York, and the County of Kings, and under the authority of their office as police officers of said State, City and County.

59. Defendants caused Plaintiff to be falsely arrested and unlawfully imprisoned without any basis, and without probable cause or reasonable suspicion.

60. All this occurred without any fault or provocation from Plaintiff.

61. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff suffered loss and damage.

## THIRD CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

62. Plaintiff repeats and realleges each and every allegation in each numbered paragraph above.

63. Defendants CPT. CEPARANO, HOUSTON, CALEMINE and the other Doe Defendants' conduct in stopping, seizing, harassing, and arresting Plaintiff were performed under color of law and without any reasonable suspicion of criminality or other constitutionally required grounds. Moreover, Defendants' conduct was performed on the basis of racial and/or national origin profiling.

64. As a direct and proximate result of such acts, Defendants deprived Plaintiff of his Fourteenth Amendment rights in violation of 42 U.S.C. § 1983.

65. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff suffered loss and damage.

## FOURTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

66. Plaintiff repeats and realleges each and every allegation in each numbered paragraph above.

67. Defendants CPT. CEPARANO, HOUSTON, CALEMINE, SGT. PAULIK and the other Doe Defendants had an affirmative duty to intervene on behalf of Plaintiff whose constitutional rights were being violated in their presence by other police officers.

68. Defendants failed to intervene to prevent the unlawful conduct described.

69. As a result of the foregoing, Plaintiff was falsely arrested, his liberty was restricted for an extended period of time, he was put in fear of his safety, humiliated, subjected to handcuffing and other physical restraints.

70. By reason of the foregoing, Plaintiff suffered loss and damage.

## FIFTH CAUSE OF ACTION
(*Monell* Claim – Municipal Liability under 42 U.S.C. § 1983)

71. Plaintiff repeats and realleges each and every allegation in each numbered paragraph above.

72. The CITY, while acting under color of state law, has implemented and enforced a policy, practice and/or custom of stopping and arresting Black and Latino men without the reasonable articulable suspicions of criminality that the Fourth Amendment requires and based solely on their race and/or national origin. As a result, the CITY's police practice and/or custom of suspicionless stops and arrests violates the Equal Protection Clause of the Fourteenth Amendment.

73. The existence of the above unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct. For example, in *Floyd, et al. v. City of New York, et al.*, the Southern District of New York held that during the years 2004 to 2012 the "City is liable for violating plaintiffs' Fourth and Fourteenth Amendment rights. The City acted with deliberate indifference toward the NYPD's practice of making unconstitutional stops and conducting unconstitutional frisks. Even if the City had not been deliberately indifferent, the NYPD's unconstitutional practices were sufficiently widespread as to have the force of law. In addition, the City adopted a policy of indirect racial profiling by targeting racially defined groups for stops based on local crime suspect data. This has resulted in the disproportionate and discriminatory stopping of blacks and Hispanics in violation of the Equal Protection Clause. Both statistical and anecdotal evidence showed that minorities are indeed treated differently than whites." *Floyd, et al. v. City of New York, et al.*, 959 F. Supp. 2d 540, 562 (S.D.N.Y. 2013).

74. The NYPD's constitutional abuses were and are directly and proximately caused by policies, practices and/or customs devised, implemented, enforced, encouraged, and sanctioned by the CITY, including: (a) the failure to adequately and properly screen, train, and supervise NYPD officers; (b) the failure to adequately and properly monitor and discipline the NYPD and its officers; and (c) the encouragement and sanctioning of and failure to rectify the NYPD's use of racial and/or national origin profiling in making stops and frisks.

75. The CITY acted with deliberate indifferent to Plaintiff's Fourteenth Amendment rights. As a direct and proximate result of the CITY's acts and omissions, Plaintiff's Fourteenth Amendment rights have been violated. By its acts and omissions, the CITY and the individual defendants have acted under color of state law to deprive Plaintiff of his Fourteenth Amendment rights in violation of 42 U.S.C. § 1983.

76. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY and the New York City Police Department constitutional violations suffered by Plaintiff as alleged, Plaintiff was falsely arrested and imprisoned, his liberty was restricted for an extended period of time, he was put in fear of his safety, humiliated and subjected to handcuffing and other physical restraints, and Defendants failed to intervene on behalf of Plaintiffs, whose constitutional rights were being violated in their presence by other police officers.

77. Due to the NYPD targeting Black and Latino persons in Plaintiff's neighborhood, a real and immediate threat exists that the Fourteenth Amendment rights of Plaintiff and others will be violated by NYPD officers in the future. Moreover, because the CITY's policies, practices and/or customs subjected Plaintiff and others to repeated stops and arrests without any reasonable, articulable suspicion of criminality, and often on the basis of race and/or national

origin, Plaintiff cannot alter his behavior to avoid future violations of his constitutional and civil by the NYPD.

78. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined from continuing the NYPD's policy, practice and/or custom of unconstitutional race and/or national origin-based stops and arrests, and the policies, practices and/or customs that have directly and proximately caused such constitutional abuses.

79. All of the foregoing acts by the CITY deprived Plaintiff of federally protected rights.

80. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff suffered loss and damage.

## SIXTH CAUSE OF ACTION
**(Assault under New York State Law)**

81. Plaintiff repeats and realleges each and every allegation in each numbered paragraph above.

82. Defendants CPT. CEPARANO, HOUSTON, CALEMINE, SGT. PAULIK and the other Doe Defendants intentionally, willfully, and maliciously assaulted Plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did violent and/or menacing acts which threatened such contact to Plaintiff, and that such act(s) caused apprehension of such contact in Plaintiff, and/or failed to intervene to prevent other officers from doing so.

83. All this occurred without any fault or provocation on the part of Plaintiff.

84. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the NYPD and Defendant City. Defendant City is therefore responsible for their conduct under the doctrine of *respondeat superior.*

85. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff suffered loss and damage.

### SEVENTH CAUSE OF ACTION
**(Battery under New York State Law)**

86. Plaintiff repeats and realleges each and every allegation in each numbered paragraph above.

87. Defendants CPT. CEPARANO, HOUSTON, CALEMINE, SGT. PAULIK and the other Doe Defendants intentionally, willfully, and maliciously battered Plaintiff in that they deliberately touched Plaintiff and/or caused Plaintiff to be touched, and such physical contact was offensive, unwelcome, and without consent, and/or failed to intervene to stop other officers from doing so.

88. All this occurred without any fault or provocation on the part of Plaintiff.

89. The Officer Defendants were at all times agents, servants, and employees acting within the scope of their employment by the NYPD and Defendant City. Defendant City is therefore responsible for their conduct under the doctrine of *respondeat superior.*

90. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff suffered loss and damage.

### EIGHTH CAUSE OF ACTION
**(False Arrest & False Imprisonment under New York State Law)**

91. Plaintiff repeats and realleges each and every allegation in each numbered paragraph above.

92. The acts and conduct of Defendants CPT. CEPARANO, HOUSTON, CALEMINE, SGT. PAULIK and the other Doe Defendants in wrongfully and illegally arresting and detaining Plaintiff, and falsely charging him with jaywalking, constitute false arrest and false imprisonment under the laws of the State of New York.

93. Defendants intended to confine Plaintiff and/or failed to intervene to prevent the confinement of Plaintiff; the Officer Defendants, in fact, confined Plaintiff, and Plaintiff was conscious of the confinement. In addition, Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

94. The wrongful, unjustifiable, and unlawful apprehension, arrest and detention of Plaintiff was carried out without any basis, without Plaintiff's consent, and without probable cause or reasonable suspicion.

95. At all relevant times, Defendants acted forcibly in apprehending and arresting Plaintiff.

96. Throughout this period, Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, and falsely charged.

97. All this occurred without any fault or provocation by Plaintiff.

98. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the NYPD and Defendant CITY. Defendant CITY is therefore responsible for their conduct under the doctrine of *respondeat superior*.

99. As a direct and proximate cause of the foregoing, Plaintiff suffered loss and damage.

## NINTH CAUSE OF ACTION
### (Unlawful Search & Seizure under New York State Law)

100. Plaintiff repeats and realleges each and every allegation in each numbered paragraph above.

101. Defendants CPT. CEPARANO, HOUSTON, CALEMINE and the other Doe Defendants unlawfully and knowingly searched and seized Plaintiff's person and things without reasonable suspicion or probable cause.

102. By reason of the aforesaid, Plaintiff suffered loss and damage.

## TENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under New York State Law)

103. Plaintiff repeats and realleges each and every allegation in each numbered paragraph above.

104. Upon information and belief, Defendant CITY failed to use reasonable care in the screening, hiring, and retention of the aforesaid Defendants, who conducted and participated in the acts complained of herein.

105. Defendant CITY knew or should have known, in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct complained of herein.

106. As a direct and proximate cause of the foregoing, Plaintiff suffered loss and damage.

## ELEVENTH CAUSE OF ACTION
### (Negligent Training and Supervision under New York State Law)

107. Plaintiff repeats and realleges each and every allegation in each numbered paragraph above.

108. Upon information and belief, Defendant CITY failed to use reasonable care in the training and supervision of the aforesaid defendants, who conducted and participated in the acts complained of herein.

109. As a direct and proximate cause of the foregoing, Plaintiff suffered loss and damage.

## REQUEST FOR ATTORNEY'S FEES AND COSTS

110. If Plaintiff prevails, he is entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, judgment is respectfully demanded:

a. Awarding against Defendants punitive damages, as the jury may determine;

b. Awarding against Defendants compensatory damages, as the jury may determine;

c. Awarding costs and reasonable costs and attorney's fees; and

d. Granting such other and further relief as to the Court deems just and proper.


Dated: New York, New York
       June 26, 2019

>                       */s/ Samuel O. Maduegbuna*
>                       **MADUEGBUNA COOPER LLP**
>                       Attorneys for Plaintiff, HABEEB KASSIM
>                  By: Samuel O. Maduegbuna, Esq. (SM 6084)
>                       30 Wall Street, 8th Floor
>                       New York, NY 10005
>                       (212) 232-0155

To:    THE CITY OF NEW YORK
Office of the Corporation Counsel of the City of New York
100 Church Street
New York, New York 10007

NEW YORK CITY POLICE CAPTAIN BRUCE CEPARANO
New York City Police Department
One Police Plaza
New York, NY 10007

NEW YORK CITY POLICE OFFICER HOUSTON
New York City Police Department, 60th Precinct
2951 West 8th Street
Brooklyn, NY 11224

NEW YORK CITY POLICE OFFICER CALEMINE
New York City Police Department, 60th Precinct
2951 West 8th Street
Brooklyn, NY 11224

NEW YORK CITY POLICE SERGEANT PAULIK
New York City Police Department, 60th Precinct
2951 West 8th Street
Brooklyn, NY 11224

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK              Docket No.: **1:18-cv-05614(JBW)(RML)**

-------------------------------------------------------------------------------------------------------------------
HABEEB KASSIM,

                        *Plaintiff,*

      *-against-*

THE CITY OF NEW YORK, NEW YORK CITY POLICE CAPTAIN BRUCE CEPARANO, NEW YORK CITY POLICE OFFICER HOUSTON, NEW YORK CITY POLICE OFFICER DANNY CALEMINE, NEW YORK CITY POLICE SERGEANT MICHAEL PAULIK, JOHN and JANE DOE 1 through 40, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                        *Defendants.*

-------------------------------------------------------------------------------------------------------------------

**COMPLAINT AND JURY DEMAND**

-------------------------------------------------------------------------------------------------------------------
*Signature (Rule 130-1.1-a)*

_____
*Print name beneath*   SAMUEL O. MADUEGBUNA, ESQ.

_____

*Yours, etc.*

MADUEGBUNA COOPER LLP
*Attorneys for Plaintiff*
*30 Wall Street, 8th Floor*
*New York, New York 10005*
*(212) 232- 0155*

*To: All Counsel of Record*
*Service of the within is hereby admitted on*
_____
*Attorneys for*

- 18 -